# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL WATSON, a minor, by his next friends,
JIM and SANDRA WATSON,

      Plaintiff,

    vs.                                          No. CIV 98-0551 JC/LFG

ROBERT D. BECKEL Superintendent,
NEW MEXICO MILITARY INSTITUTE,
SETH R. ORELL, Commandant of Cadets,
NEW MEXICO MILITARY INSTITUTE,
ANTONIO PINO, CHRISTOPHER CORTEZ,
employees of NEW MEXICO MILITARY INSTITUTE,
all in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO ALLOW TRIAL BY JURY

THIS MATTER came on for consideration of Plaintiff's Motion to Allow Trial by Jury *(Doc. 10)*, filed July 27, 1998. The Court has reviewed the motion and the memoranda submitted by the parties. The Court finds that the motion is well taken and will be granted.

### Background

On May 8, 1998, Plaintiff filed a claim under 42 U.S.C. § 1983 for deprivation of property rights without due process. Defendants filed an answer on June 9, 1998. The Federal Rules of Civil Procedure provide that a demand for a jury trial be filed with the court in the complaint or at anytime "not later than ten (10) days after the service of the last pleading directed to such issue."

FED. R. CIV. P. 38(b).  It was not until July 27, 1998, however, that Plaintiff filed the present Motion to Allow Trial by Jury.

Plaintiff indicated an intention to demand a jury trial on the "Civil Cover Sheet" which accompanied the original complaint.  Prior to a telephone conference on July 22, 1998, Plaintiff forwarded to Defendants a proposed pretrial report identifying the case as one to be tried by a jury.  Defendants' counsel notified Plaintiff during that telephone conference that he had never received a copy of the jury demand.  Inquiry by Warren Frost, Plaintiff's counsel, revealed a failure on the part of himself and his staff to properly submit the jury demand in a timely fashion.

"The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."  FED. R. CIV. P. 38(d).  However, "notwithstanding the failure of a party to demand a jury . . . the court in its discretion upon motion may order a trial by a jury of any or all issues."  FED. R. CIV. P. 39(b).

### Discussion

Amendment Seven to the United States Constitution memorializes the ancient common law right to trial by jury "in the most solemn terms."  *Dimick v. Schiedt*, 293 U.S. 474, 485 (1935) (quoting 2 STORY ON THE CONSTITUTION § 1779).  "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."  U.S. CONST., amend. VII.  Any curtailment of this right should be "scrutinized with the utmost care."  *Dimick*, 293 U.S. at 485.  Accordingly, this Court approaches with caution denial of even an untimely motion for a trial by jury.

The Federal Rules of Civil Procedure neither enlarge nor diminish the right of a jury trial protected by the United States Constitution. Draftsmen for the rules regarded the provision for a timely demand of a jury trial in Rule 38(b) coupled with a presumptive waiver of the right to jury trial for failure to act in Rule 38(d) to be fair in the administration of justice. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2321 at 164-66 (1995). Where "inertia . . . leads to waiver," it protects the litigant's right while expediting the litigation. *Id.* at 166 n.7 (quoting CLARK, CODE PLEADING § 17 at 116 (2d ed. 1947)). It prevents an untimely demand for trial by jury from being used as a strategy for delay or reversal. *See id.* However, under Rule 39(b), the court may relax the requirements of Rule 38 to achieve substantial justice. *See id.* § 2334. Thus, in this respect, the court clearly maintains the prerogative to regulate its docket.

The Tenth Circuit concurs with this sentiment. A court possesses broad discretion to grant or deny a jury trial after subsequent waiver upon motion by either party. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). Only where there is a clear abuse of discretion based on all the facts and circumstances will decisions granting or denying jury trials be reversed. *Id.* at 1090.

This holding is reinforced by another Tenth Circuit decision cited by Defendants to support their argument seeking denial of trial by jury. In *Vesper Constr. Co. v. Rain For Rent, Inc.*, 602 F.2d 238 (10th Cir. 1979), the district court denied a demand for jury by defendant on the first day of trial. In upholding the district court ruling, the panel noted that the defendant had waited over ten months after the expiration of the timely demand provided by Rule 38(b). *Id.* at 240. The Tenth Circuit observed that the litigant had ample opportunity pursuant to Rule 39(b) to request trial by jury prior to the first day of trial.

Accordingly, it is within my discretion to grant or deny the present motion. The factors considered on an untimely motion for trial by jury include the reasonableness of time after the expiration date, whether the motion corrects an inadvertence, and whether the decision may prejudice the rights of the adverse party. Plaintiff filed his motion within a reasonable time after expiration to correct an inadvertence. Plaintiff's jury demand in this case comes as no surprise to this Court or the opposing parties since it was noted on the "Cover Sheet" attached to the original complaint. In addition, Defendants assert no harm as result of granting this motion for trial by jury. Therefore, in light of the solemn nature of the right enjoyed by either party, Plaintiff's motion for a trial by jury will be granted to achieve substantial justice.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff Daniel Watson's Motion for Jury Trial *(Doc. 10)* be, and hereby is, **granted**.

DATED this 28th day of September, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:         Warren F. Frost
                               Warren F. Frost, P. C.
                               Tucumcari, New Mexico

Counsel for Defendant:         Richard E. Olson
                               Hinkle, Cox, Eaton, Coffield &
                                 Hensley, L.L.P.
                               Roswell, New Mexico